UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20534-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

SOLCHYS PEREZ,

    Defendant.

_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

This matter came before the Court following an Order of Reference to conduct a change of plea hearing for the Defendant, Solchys Perez. ECF No. 53. The Court conducted a change of plea hearing on this date, February 22, 2023, and, for the following reasons, it is recommended that the Defendant's plea of guilty be accepted:

1. At the outset of the change of plea hearing, the Defendant was advised that this Court was conducting the change of plea hearing on an Order of Reference from the District Court. The Defendant was further advised of her right to have these proceedings conducted by Judge Middlebrooks, the District Court Judge assigned to the case. The Court additionally advised the Defendant that Judge Middlebrooks would be the judge sentencing the Defendant and would make all findings and rulings concerning the Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

2. The Defendant was made aware that she did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted only by a United States District Judge. The Defendant, the Defendant's

attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing.

3. The Court conducted a plea colloquy in accordance with Rule 11 of the Federal Rules of Criminal Procedure.

4. The parties entered into a written plea agreement, which they had with them at the hearing and which was thereafter filed with the Court. ECF No. 75. The Court reviewed that plea agreement on the record, and the Defendant acknowledged that she read and understood the agreement, signed it, and agreed to its terms. The Defendant pled guilty to the crime of conspiracy to commit health care fraud and wire fraud, in violation of Title 18, United States Code, Sections 1347, 1343, and 1349, as charged in Count 1 of the indictment.

5. The parties also agreed to a written factual proffer, and that document was also with them at the hearing and was later filed with the Court. ECF No. 74. The Defendant said that she had read that factual proffer and agreed that it was accurate, and she confirmed that she signed the document. The government stated on the record a factual basis for the entry of the plea that included all the essential elements of the offense to which the Defendant is pleading guilty and any sentencing enhancements and/or aggravating factors that may be applicable. The Court reviewed the government's factual proffer with the Defendant to assure that a factual basis existed for the entry of the plea. The Defendant confirmed the accuracy of the factual proffer and acknowledged her participation in the offense. The Court also advised the Defendant of the possible maximum penalties. The Defendant acknowledged that she understood these possible penalties and consequences.

6. Based upon all the foregoing and the plea colloquy conducted by this Court, this Court found that the Defendant was competent and capable of entering an informed plea, that she

freely, knowingly, and voluntarily entered her guilty plea, and that the plea was supported by an independent basis in fact containing each of the essential elements of the offense. It is therefore recommended that the Defendant be found to have freely and voluntarily entered her guilty plea as more particularly described herein and that the Defendant be adjudicated guilty of the offense charged in Count 1.

7. A pre-sentence investigation report is being prepared. Sentencing shall be set by separate Order and is now scheduled for May 13, 2023, at 10:00 a.m. in Miami.

ACCORDINGLY, this Court **RECOMMENDS** that the Defendant's plea of guilty be accepted; that the Defendant be adjudicated guilty as to the offense charged in Count 1 of the indictment, to which she has entered her plea of guilty; and that a sentencing hearing be conducted for final disposition of this matter.

The parties shall have **one (1) day from the date of this Report and Recommendation** within which to file objections, if any, with the Honorable Donald M. Middelbrooks, United States District Judge. Failure to file timely objections waives a party's right to review issues related to the Defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals (even under a plain error standard). *See* Fed. R. Crim. P. 59(b)(1), (2); 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Lewis,* 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc).

RESPECTFULLY RECOMMENDED in Miami, Florida, this 22nd day of February, 2023.

EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Donald M. Middlebrooks
    Counsel of record